IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EILEEN RIZK, individually and on behalf of all others similarly situated | ) ) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | ) ) | |
| | ) ) | **COLLECTIVE ACTION COMPLAINT** |
| | ) | |
| v. | ) ) | |
| OLD DOMINION FREIGHT LINE, INC. c/o CT Corporation System 4400 Easton Commons Way, Suite 125 Columbus, Ohio 43219 | ) ) ) ) ) | |
| Defendant. | ) | |

Plaintiff Eileen Rizk, by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this Complaint against Defendant Old Dominion Freight Line, Inc. ("Old Dominion"), and in support of her claims, states as follows:

## PRELIMINARY STATEMENT

1. This Complaint is filed as a collective action under 29 U.S.C. § 216(b), and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period as Over, Short, and Damaged Supervisors ("OS&D Supervisors") for Defendant, in the business of providing less-than-truckload ("LTL") shipping and global transportation to the general public.

2. Defendant employ OS&D Supervisors or those working in similar job positions, and classifies them as "exempt" employees, paying them on a salaried basis, even when more than 40 hours of work is performed in a particular work week.

3. Rizk, and similarly situated employees routinely work(ed) more than forty (40) hours in a workweek but are not paid an overtime premium for any of their overtime hours.

4. As a result of Defendant's unlawful classification of Rizk, and similarly situated employees as "exempt" for the purposes of overtime compensation, and Defendant's failure to compensate Rizk, and similarly situated employees for all hours worked, Defendant has violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), and the Prompt Pay Act, Ohio Rev. Code § 4113.15 by failing to pay Rizk, and similarly situated employees, overtime compensation for hours worked in excess of 40 hours in one week as required by the FLSA, OMFWSA, and Ohio Rev. Code § 4113.15.

5. Rizk brings this action on behalf of herself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action involves a federal question under the FLSA.

7. The Court's jurisdiction is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental jurisdiction.

8. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391 because Defendant operates a business in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff

9.  Plaintiff Eileen Rizk is a resident of the city of Parma, county of Cuyahoga, and state of Ohio. Rizk was hired by Defendant as an OS&D Clerk in February 2008.

10. In February of 2018, Rizk was promoted to OS&D supervisor.

11. An OS&D Supervisor has the same duties as an OS&D Clerk, but is paid on a salary basis.

### Defendant

12. Defendant Old Dominion is a Virginia corporation that operates a place of business located at 8055 Old Granger Road, Garfield Heights, Ohio 44125.

13. Founded in 1934, Old Dominion started out as a single truck running a 94-mile route in Virginia.

14. Over the last 80 years Old Dominion has become a national LTL freight leader and global transportation company.

15. Old Dominion is an "employer" of Rizk, and similarly situated employees as that term is defined by the FLSA and the OMFWSA.

16. At all relevant times, Old Dominion maintained control, oversight, and direction over Rizk, and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

17. At all relevant times, Old Dominion has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

18. Old Dominion's gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

## **FACTUAL ALLEGATIONS**

19. Rizk, and similarly situated employees work or worked for Defendant as OS&D Supervisors during the applicable statutory period.

20. Defendant lists the OS&D Responsibilities as follows:

    a)  Organize the OS&D Desk;

    b)  Bill all out of route C43/997 Pros first;

    c)  Update Inbound Line Haul Manifest;

    d)  Gather all new C43 blue copies and paperwork for all new OS&D's;

    e)  Bill all green copies of C43s;

    f)  Make sure all exceptions are in the OS&D System, option 502;

    g)  File in save-a-sorts;

    h)  Review the OS&D exception log from the day before;

    i)  Investigate overages, matching to open shortages, all-short bills, etc.;

    j)  Spot-check the dock daily and make C43s for new overages;

    k)  Update, option 502, for all short Pros, coded 80, within 72 hours of shortage exception;

    l)  Update OS&D exception log as drives call in and enter exception into the P & D Review;

    m) Review Delivery Receipts with exceptions;

    n)  Do not contact shippers or consignees on any customers' overages without prior authorization from Central OS&D;

o) Contact shippers on undeliverable or refused freight for reasons other than damage;

p) Fax or email On-Hand notices to all parties involved;

q) Check for disposition on damaged and refused freight, then make bills to move the freight;

r) Bill free astrays, re-consignments, RTSs and re-label freight when necessary.

21. Rizk, and similarly situated employees' primary duties do not require the exercise of discretion and independent judgment to matters of significance.

22. All non-exempt employees are entitled to overtime compensation at a rate of one and one-half (1.5) times their regular hourly rate for hours worked in excess of forty (40) per workweek

23. Defendant compensated and/or compensate Rizk, and similarly situated employees for their work on a salary basis.

24. Defendant suffered and permitted Rizk, and similarly situated employees to work more than forty (40) hours per workweek.

25. Defendant has a policy of not paying Rizk, and similarly situated employees at a rate of one and one-half (1.5) times their regular pay for the overtime hours they worked as required by the FLSA.

26. Defendant only paid Rizk, and similarly situated employees, their regular salary, rather than the legally require one and one-half times their regular rate of pay, irrespective of the actual hours they worked.

27. Defendant willfully deprived Rizk, and similarly situated employees of overtime compensation by paying them less than what is required under federal law.

28. Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

29. Due to the long hours that Rizk was working, she began experiencing wrist and arm pain in March 2018.

30. In January 2019 Rizk was diagnosed with Nerve Entrapment Syndrome.

31. Rizk's Nerve Entrapment Syndrome substantially limits one or more major life activity, including performing manual tasks such as typing and lifting heavy objects.

32. Rizk's Nerve Entrapment Syndrome impairs her ability to type for long periods of time without severe pain.

33. Rizk, as a result of her Nerve Entrapment Syndrome, is disabled.

34. Alternatively, Defendant regarded Rizk as disabled, as a result of Rizk's Nerve Entrapment Syndrome.

35. Notwithstanding any disability, actual or perceived, Rizk remained, at all times material herein, fully qualified for the position of OS&D Supervisor at Old Dominion.

36. Instead of having surgery, Rizk went on short term disability from May 2019 until August 2019 so that her arm and wrist could heal.

37. Everything was going well for Rizk until April 1, 2020 when her arm started bothering her again.

38. Rizk informed her manager, Wade Nesbitt, that her arm was bothering her again, and took one week of leave on April 20th to rest her arm.

39. When Rizk returned to work on April 27, 2020, she was told that her position was eliminated due to COVID-19.

40. No other positions in Old Dominion's Cleveland office were eliminated due to COVID-19.

41. Ilona Johnson, who is not disabled, now performs the OS&D duties that Rizk performed prior to April 27, 2020.

42. Rizk now performs Johnson's former customer service functions but with a reduction in pay of approximately $18,000 per year.

43. When Rizk returned to work on April 27, 2020, she requested the reasonable accommodation of an ergonomic keyboard.

44. As of the date of filing Old Dominion has not provided Rizk with an ergonomic keyboard.

## FLSA COLLECTIVE ACTION ALLEGATIONS

45. Rizk brings Count I on behalf of themselves and all similarly situated individuals. The proposed collective class ("FLSA Collective") is identified as follows:

> All OS&D Supervisors who have been employed by Old Dominion from August 21, 2017 until the date of final judgment in this matter, and worked more than forty (40) hours in one or more workweeks.

46. Rizk consents in writing to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Rizk's signed consent form is filed with the Court as Exhibits A to this Complaint.

47. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

48. Members of the proposed FLSA Collective are known to Defendant and are readily identifiable through Defendant's records.

49. Rizk, and the FLSA Collective are all victims of Defendant's widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq*., and that have caused significant damage to Rizk, and the FLSA Collective.

50. The FLSA Collective would benefit from the issuance of court-supervised notice of this lawsuit and an opportunity to join by filing their written consent.

### COUNT I – FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA
**(On Behalf of Rizk, and the FLSA Collective)**

51. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

52. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (s)(1).

53. The FLSA, 29 U.S.C. § 207, requires covered employers like Defendant to pay non-exempt employees like Rizk, and the FLSA Collective, no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

54. Rizk, and the FLSA Collective, regularly worked more than forty (40) hours per week for Defendant, but Defendant did not properly compensate them for all of their overtime hours as required by the FLSA.

55. Defendant has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Rizk, and the FLSA Collective.

56. Defendant knew Rizk, and the FLSA Collective, worked overtime without proper compensation, and it willfully failed and refused to pay Rizk and the FLSA Collective wages at the required overtime rate pursuant to 29 U.S.C. § 255.

57. Defendant's willful failure and refusal to pay Rizk, and the FLSA Collective, overtime wages for time worked violates the FLSA, 29 U.S.C. § 207.

58. As the direct and proximate result of Defendant's unlawful conduct, Rizk, and the FLSA Collective, have suffered and will continue to suffer a loss of income and other damages.

Rizk, and the FLSA Collective, are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

## COUNT II – FAILURE TO PAY OVERTIME IN VIOLATION OF OHIO MINIMUM WAGE STANDARDS ACT
### (On Behalf of Rizk)

59. Plaintiff realleges and incorporates by reference the above paragraphs as if fully set forth herein.

60. Rizk worked more than forty (40) hours in one or more workweeks.

61. Starting February 2018, Defendant did not pay Rizk at least one and a half times her normal hourly rate for time worked in excess of forty (40) per workweek.

62. By not paying Rizk proper overtime wages for time worked in excess of forty (40) per workweek, Defendant has violated the OMFWSA.

63. As a result of Defendant's violations, Rizk is entitled to damages, including, but not limited to, unpaid overtime wages, costs, and attorney's fees.

## COUNT III – UNTIMELY PAYMENT OF WAGES IN VIOLATION OF OHIO REV. CODE § 4113.15
### (On Behalf of Rizk)

64. Rizk realleges and incorporates by reference the above paragraphs as if fully set forth herein.

65. During all relevant times, Old Dominion was an entity covered by the Prompt Pay Act, Ohio Rev. Code § 4113.15, and Rizk was an employee within the meaning of Ohio Rev. Code § 4113.15 and was not exempt from its protections.

66. Ohio Rev. Code § 4113.15(A) requires that Old Dominion pay Rizk all wages, including unpaid overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the

fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

67. Rizk's unpaid wages have remained unpaid for more than thirty (30) days beyond her regularly scheduled payday.

68. In violating Ohio law, Old Dominion acted willfully, without a good faith basis, and with reckless disregard to Ohio law.

69. As a result of Old Dominion's willful violation, Rizk is entitled to unpaid wages and liquidated damages, as stated in Ohio Rev. Code § 4113.15.

## <u>COUNT IV – DISABILITY DISCRIMINATION IN VIOLATION OF OHIO REV. CODE § 4112.02</u>
### (On Behalf of Rizk)

70. Rizk realleges and incorporates by reference the above paragraphs as if fully set forth herein.

71. Throughout her employment, Rizk was fully competent to perform the duties of her position at Old Dominion.

72. Rizk, at all times material herein, was disabled.

73. Old Dominion demoted Rizk because of Rizk's disability and/or because Old Dominion regarded Rizk as disabled.

74. Old Dominion's demotion of Rizk, because of Rizk's disability and/or Old Dominion's perception of Rizk as disabled, was in violation of Ohio Rev. Code § 4112.

75. Old Dominion violated Ohio Rev. Code § 4112.02 by discriminating against Rizk based on her disabling condition.

76. As a result of Old Dominion's unlawful conduct, Rizk has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## COUNT V: FAILURE TO ACCOMMODATE IN VIOLATION OF OHIO REV. CODE § 4112.02
### (On Behalf of Rizk)

77. Rizk realleges and incorporates by reference the above paragraphs as if fully set forth herein.

78. Rizk is a disabled individual, pursuant to Ohio Rev. Code § 4112.

79. Rizk proposed a reasonable accommodation for her disability and Old Dominion has yet to grant said accommodation.

80. Old Dominion's refusal to grant Rizk's accommodation was a violation of Ohio Rev. Code § 4112.

81. As a result of Old Dominion's unlawful conduct, Rizk has suffered, and will continue to suffer, pecuniary damages and emotional harm.

**WHEREFORE**, Plaintiff Eileen Rizk prays for all the following relief:

A. Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Rizk, and her counsel to represent the collective action members;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the OMFWSA, and Ohio Rev. Code § 4113.15;

D. An award of unpaid overtime wages under the OMFWSA;

E. Liquidated damages under Ohio Rev. Code § 4113.15;

F. An award of any pre-judgment and post-judgment interest.

G. An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and

H. Such other legal and equitable relief as the Court deems appropriate.

Respectfully Submitted,


/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Suite 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
wade@swmlawfirm.com
sobel@swmlawfirm.com

*Attorney for Plaintiff Eileen Rizk, and the*
*FLSA Collective*

## JURY DEMAND

Plaintiff hereby demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)