IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EILEEN RIZK, individually and on behalf of all others similarly situated ) ) ) | |
| ) | Case No. 1:20-cv-01865 |
| Plaintiff, ) ) | |
| ) | Judge J. Philip Calabrese |
| ) ) | |
| v. ) ) | |
| OLD DOMINION FREIGHT LINE, INC. ) ) | |
| Defendant. ) | |

### JOINT MOTION TO APPROVE SETTLEMENT OF CLAIMS

Come now the parties, by and through the undersigned counsel, and move this Court for an Order approving the settlement reached by the parties. Reasons in support of this motion are as follows:

**I.      Factual and Procedural Background.**

Plaintiff Rizk commenced this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. on behalf of herself and other alleged similarly situated current and former employees. (ECF 1; ECF 11.) Plaintiff alleges in her complaint violations of wage and hour laws, specifically the alleged failure to pay overtime compensation. Defendant has vigorously denied those allegations and claims and have asserted various defenses, including exemption. Plaintiff filed a motion to conditionally certify an FSLA collective action and to authorize notice. Defendant filed a Memorandum in Opposition to that motion. That motion is pending and was at

the time of settlement. However, it will be withdrawn as part of the settlement and the alleged FSLA collective action will not be certified, conditionally or otherwise.

Defendant Old Dominion is a less-than-truckload ("LTL") freight shipping motor carrier. . Plaintiff Rizk was an Over Short & Damaged Supervisor for Defendant at its Cleveland, Ohio service center from February 2018 to April 2020. Plaintiff alleges that Defendant Old Dominion violated the FSLA by misclassifying her as exempt, and not paying her overtime compensation at a rate of one and one-half (1.5) times their regular hourly rate for hours worked in excess of forty (40) per workweek. In response, Defendant avers, among other things, that Plaintiff was properly classified as exempt.

During the course of discovery, prior to the settlement in this case, Defendant provided Plaintiff with extensive records. Those records show, among other things, the time Plaintiff logged into and out of Defendant's computer system each day during the period she was an OS&D Supervisor.  Based on those records, the parties were able to draw conclusions as to the number of hours that Plaintiff worked on a weekly basis, on average.

On April 16, 2021, the parties and their counsel resolved this case with the Honorable Thomas M. Parker as Mediator.  See ECF 21.  With Magistrate Judge Parker's assistance, the parties reached a  settlement by which Plaintiff will be fully compensated for all  "logged" hours in excess of forty per workweek.  As the parties agreed that the monetary terms of the settlement will be confidential, and at the Court's request, the parties have submitted a copy of the executed settlement agreement to the Court's chambers, by email, and summarize the terms of the settlement below.

## II. The Terms of the Settlement and Release of Claims

The settlement resolves all of Eileen Rizk's wage-and-hour claims against Defendant under the FLSA and Ohio law, and dismisses Rizk's collective claim with prejudice. The proposed settlement includes unpaid overtime wages, attorneys' fees, and costs to Plaintiff's Counsel. The proposed settlement does not include liquidated damages. Defendant has agreed to pay the Total Settlement Amount within 30 business days of the Court's approval Order.

## III. The Propriety of Approval

The settlement must qualify for Court approval under the FLSA, 29 U.S.C. § 216(b). The Court must ensure "there is a bona fide dispute between the parties as to the employer's liability under the FLSA" and that the proposed settlement "is fair, reasonable, and adequate." *Kritzer v. Safelite Solutions*, LLC, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012). *Accord, In re Broadwing, Inc*. ERISA Litig., 252 F.R.D. 369, 381-82 (S.D. Ohio 2006); *Landsberg v. Acton Enterprises, Inc*., 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))). The proposed Settlement satisfies all of these prerequisites and standards, as shown below.

### a. The Settlement Payment is Fair, Reasonable, and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court should "ensure that the distribution of settlement proceeds is equitable." *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *26 (citing *Rotuna v. West Customer Mgmt. Group*, LLC, No. 4:09cv1608, 2010 WL 2490989, at *6 (N.D. Ohio June 15, 2010) (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999))). In the present case, the proposed Settlement will provide Plaintiff with all of the overtime she alleges was unpaid by Defendants, plus her attorney's fees and costs.   Further,

Plaintiff's counsel has averred to her belief that the settlement is reasonable, as set forth in her Declaration, attached as Exhibit A.

### b. The Attorneys' Fees Are Proper and Reasonable

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and the costs of the action." 29 U.S.C. § 216(b). Ohio wage-and-hour statutes also provide for "costs and reasonable attorney's fees as may be allowed by the court." Ohio Rev. Code Ann. § 4111.10. The FLSA's mandatory fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified 6 policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), cert. denied, 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)). *Accord, Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *28 (the fee award must be "adequate to attract competent counsel but … not produce a windfall) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

The proposed payment of attorneys' fees is reasonable. It represents an amount equal to Plaintiff's attorneys' fees at the time of settlement. The proposed fee was well-earned, as counsel's efforts have enabled Plaintiff to secure a recovery exceeding the wages due to her.

### IV. Conclusion

Plaintiff and Defendant submit the settlement as a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, Plaintiff and Defendant request that this Court: (1)

Enter the proposed Order of Approval of Settlement; (2) Find that the motion for conditional certification has been withdrawn or deny it as moot; (3) dismiss all claims of Plaintiff and the case with prejudice; with each party bearing its own costs, and (4) retain jurisdiction to enforce the Settlement.

Respectfully Submitted,

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Suite 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
wade@swmlawfirm.com
sobel@swmlawfirm.com

*Attorneys for Plaintiff Eileen Rizk*

*/s/ Monica L. Lacks*
Rebecca J. Bennett (0069566)
Monica L. Lacks (0078649)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH  44114
216-241-6100
216-357-4733 (FAX)
Email:  rebecca.bennett@ogletree.com
            monica.lacks@ogletree.com

*Attorneys for Defendant Old Dominion Freight Line, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of April, 2021, *Joint Motion to Approve Settlement of Claims* has been filed via the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and parties may access the document through the Court's electronic filing system.

*/s/ Monica L. Lacks*
*One of the Attorneys for Defendant*

46927401.1