UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EILEEN RIZK, individually and on behalf of all others situated, | Case No. 1:20-CV-01865 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Thomas M. Parker |
| OLD DOMINION FREIGHT LINE, INC., | |
| Defendant. | |

**<u>ORDER</u>**

The parties filed a Joint Motion for Approval of Settlement of Claims pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b). The motion asks the Court to approve, as fair and reasonable, the proposed settlement the parties reached and memorialized in the settlement and release agreement. The parties submitted a complete, unredacted version to the Court for review. For the reasons that follow, the Court **GRANTS** the motion.

As more fully set forth in the record and the parties' joint motion, Plaintiff Eileen Rizk filed a complaint against Defendant Old Dominion Freight Line, Inc. on August 21, 2020. Plaintiff asserted a collective claim under the under the FLSA, 29 U.S.C. §§ 201, *et seq.*, on behalf of herself and those similarly situated, as well as claims under the Ohio Minimum Wage Standards Act and Sections 4113.15 and 4112.02 of the Ohio Revised Code on behalf of Plaintiff Rizk only.

1

Plaintiff alleges that Defendant did not properly compensate her and discriminated against her because of her disability. Specifically, Plaintiff alleges that she is due unpaid overtime compensation under the FLSA and Ohio law and that Defendant discriminated against her due to a medical condition. Defendant denies Plaintiff's allegations, but nevertheless entered into this settlement agreement to avoid protracted litigation.

Based on the record and the representations of counsel, the Court is satisfied that, during the negotiation process, each party thoroughly assessed the other's legal and factual positions, produced evidence, witnesses, claims, potential counterclaims, and defenses. After the parties engaged in mediation, the parties settled the individual claims of Ms. Rizk. Defendant agrees that the settlement agreement is fair, adequate, and reasonable. The settlement agreement resolves all disputes between the parties.

In addition, pursuant to Section 216(b) of the FLSA, "the court . . . shall, in addition to any judgment awarded to the . . . plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Here, the settlement agreement provides for the payment of attorneys' fees and litigation costs. The record reflects that Plaintiffs' counsel invested significant time and resources representing Plaintiff in this matter. Further, Defendants agree to the payment of attorneys' fees and costs and join this motion for approval of the settlement agreement.

Having reviewed the motion, the Declaration of Plaintiff's counsel Claire Wade-Kilts, attached as Exhibit A to the motion, and the pleadings and papers on

2

file, and after scrutinizing the settlement for fairness, the Court finds that the proposed settlement agreement is a fair and reasonable resolution of a bona fide dispute and satisfies the standard for approval under the FLSA. Therefore, the Court approves the settlement agreement and release, and orders that the settlement be implemented according to the terms and conditions of that agreement.

The Court dismisses Plaintiff's claims with prejudice and enters final judgment. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order and final Judgment forthwith.

For these reasons, the Court **GRANTS** the parties' joint motion and approves the settlement agreement. The Court retains jurisdiction over this action to enforce the terms of the Settlement Agreement.

**SO ORDERED.**

Dated: April 28, 2021

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio